## CONDRATT v SATHRE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided March 7, 1932

Gilbert Morgan, Cleveland, for plaintiff in error.

Mettel & Frost, Cleveland, for defendant in error.

VICKERY, J

It is argued, and we think with much force, that the words in the former statute "and of any other conditions then existing" which was read by the court, cover the same thing as the word "surface", and we think it does; that under the charge of the court the jury would take into consideration not only the width of the street, not only the traffic on the street, but everything else pertaining to it which made it hazardous to drive, and that would include mud on the street, a wet or slippery pavement and everything connected therewith, and that under the instruction of the court the very thing that the plaintiff in error's counsel complains of now was submitted to the jury in very much more distinct and plain terms than it would have been if the court had used the plain word "surface." That might mean many things, but we think the court covered the question completely and the jury could not have any misapprehension about the condition of this highway because the evidence clearly shows that it was muddy, wet and slippery, and that this car that was being driven by the plaintiff in error was skidding from one side of the street to the other, and apparently it never dawned upon the driver's mind that he could come to a standstill until he could get the equilibrium of the car. The oncoming car could not know when he was going to stop skidding. He apparently got as far over as he could and had almost stopped when his car was struck by the oncoming vehicle which got off the dirt on the pavement in such a way that it skidded clear over the street on to the wrong side of the street, and the accident happened on the wrong side of the street. We do not see how the plaintiff below could have done differently than he did do. We do see and the jury below saw what the defendant could have done to prevent the accident. The jury found him guilty of negligence, and the court overruled the motion for a new trial, and we think there was no error in this record which would warrant us in disturbing the same.

Another thing: At the conclusion of the court's charge he asked counsel on both sides whether they had anything further for him to say to the jury and plaintiff in error's attorney answered he did not. Now a lawyer cannot sit by and permit the court to make a mistake and not call his attention to it. At best this was simply a question of omission, not of commission, and as already stated, we think the court covered it fully in the charge that he gave.

So on the whole record we can come to no other conclusion than that this verdict and judgment thereon should be affirmed.

LEVINE, PJ and WEYGANDT, J, concur.